We conclude this inquiry by finding that intentional torts are immune if committed within the scope of a governmental function; however, the intentional use or misuse of a badge of governmental authority for a purpose unauthorized by law is not the exercise of a governmental function. [428 Mich 610-611.]

Justice BOYLE, joined by Justice CAVANAGH, stated that "an allegation of a state constitutional tort perpetrated by virtue of a state custom or policy avoids the strictures of statutory governmental immunity." 428 Mich 638.

Justice ARCHER, in an opinion I also signed, stated that an allegation of intentional tort "is not barred by the governmental immunity statute because such an activity does not constitute a governmental function." 428 Mich 657.

Thus all seven members of the Court agreed that at least certain intentional acts, those where the activity either is not authorized by law or is violative of the state constitution, are not protected by governmental immunity.

IV

The evidence appears to support an inference that the township, acting at the behest of a person higher in authority than John Gatewood, the detective in charge of the case, caused disorderly conduct charges to be filed against Armstead in retaliation for his having commenced this action, initially claiming only assault and battery, against Jackson, Arnold and the township. The jury found that the prosecution was malicious, and thus, it would appear, that there was "use or misuse of a badge of governmental authority for a purpose unauthorized by law . . . ." *Smith, supra* at 611.

*Leave to Appeal Denied August 30, 1991:*

*In re* DUENAZ, No. 91649; Court of Appeals No. 131354.

PEOPLE V HALEY, No. 88405. Motions to add new grounds for appeal are also denied. Court of Appeals No. 110487.

PEOPLE V WHITE, No. 90305; Court of Appeals No. 107684.

PEOPLE V WISMER, No. 90325; Court of Appeals No. 116742.

PEOPLE V SHEPHARD, No. 90327; Court of Appeals No. 114614.

PEOPLE V CAUSEY, No. 90360; Court of Appeals No. 114879.

AMORELLO V MONSANTO CORPORATION, No. 90563; reported below: 186 Mich App 324.

PEOPLE V ALCORTA, No. 90608; Court of Appeals No. 118167. Reconsideration denied November 25, 1991.